IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL RICHARDSON, <br><br> Plaintiff, <br><br> v. <br><br> CONTRERRAS, et al, <br><br> Defendants. | Case No.: 1:08-cv-00779 OWW JLT <br><br> FINDINDS AND RECOMMENDATIONS DISMISSING COMPLAINT WITH PREJUDICE |

Plaintiff Darrell Richardson ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff asserts this civil rights action pursuant to 42 U.S.C. § 1983 against Tom Kipnis, Rocky Spurgeon, Bennie Contreras, and Cynthia Redavsky (collectively, "Defendants").

**I. Screening Requirement**

Where a detainee seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims." 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. §

1

1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  In determining malice, the Court examines whether the claims are pled in good faith.  Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915).

**II.  Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a

2

defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S.Ct. at 1949.  Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  Id.  If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.  § 1983 Claims

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred."  Albright v. Oliver, 510 U.S. 266, 271 (1994).  An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.  To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege that he suffered a specific injury and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made").  There is no respondeat superior liability under § 1983, and the supervisor of an individual who allegedly violated a plaintiff's constitutional rights is not made liable for the violation simply by

virtue of that role. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, as with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

**IV.   Discussion and Analysis**

Plaintiff alleges that Defendant's failure to allow Plaintiff to attend his mother's funeral resulted in violations of his rights arising under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Specifically, Plaintiff asserts four duplicative claims: (1) procedural due process, (2) notice and hearing under the Fourteenth Amendment, (3) procedural due process under the Fifth and Fourteenth Amendments and (4) procedural and substantive due process under the Fourteenth Amendment. (Doc. 10 at 5-6)

A.  Fifth Amendment Due Process

Plaintiff alleges a due process violation under the Fifth Amendment. However, the Fifth Amendment applies only to actions by the federal government, and not to the actions of private actors. Rank v. Nimmo, 677 F.2d 692, 701 (9th Cir. 1982). There must be a "significantly close nexus" between the federal government and the actor for the Fifth Amendment to apply to nonfederal entities. Id. Therefore, Plaintiff cannot make a cognizable claim against Defendants on Fifth Amendment grounds and the complaint, on these grounds, is **DISMISSED**.

B.  Fourteenth Amendment Due Process

The Due Process Clause of the Fourteenth Amendment provides, "No State shall. . . deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, amend. XIV §1. This clause guarantees both procedural and substantive due process. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993); Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). "A § 1983 claim based upon procedural due process has

three elements: (1) a liberty or property or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process. Portman, 995 F.2d at 904. Thus, to state a cognizable claim for deprivation of due process, Plaintiff must first establish the existence of a protected liberty interest. Specifically, Plaintiff's Complaint depends on whether there is a constitutionally protected liberty interest in funeral attendance.

The Supreme Court opined, "Admittedly, prisoners do not shed all constitutional rights at the prison gate, but lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandlin v. Conner, 515 U.S. 472, 485 (1995) (internal quotation marks and citations omitted). As regulations of the condition under which a detainee can leave a facility go to the purpose of confinement, an inability to obtain release for funeral attendance is not an "atypical and significant hardship on the inmate in relation to ordinary incidents of prison life." Id. at 484.; see also McCowen v. Clark, 2009 U.S. Dist. LEXIS 69704 at *8 (E.D. Cal, Aug. 10, 2009) ("Denial of Plaintiff's request to attend his mother's funeral outside the prison is not an atypical and significant hardship in relation to the ordinary incidents of prison life.").

Courts within the Ninth Circuit have held that there is no constitutionally protected liberty interest in attending funerals. See, e.g., McCowen, at *8 (The plaintiff did not have a protected liberty interest in receiving leave to attend his mother's funeral); Morongo Tribesman v. Cal. Corr. Peace Officers Assoc., 2009 U.S. Dist. LEXIS 74734, at *6 (C.D. Cal. Aug. 21, 2009) (Plaintiff's request for money damages "due to the failure to allow him to attend the funeral of his grandmother has no statutory or constitutional basis"); Devers v. Paneburn, 1998 U.S. Dist. LEXIS 17126, at *6 (N.D. Cal Oct. 26, 1998) ([S]tate hospital officials' determination that allowing plaintiff to attend the funeral could pose a security problem is rational, and their need to protect the welfare of those in their custody is a legitimate government purpose"). Therefore, Plaintiff has not demonstrated a protected liberty interest in attending his mother's funeral.

Because Plaintiff failed to establish the existence of a protected liberty interest, his claim for a violation of due process is without merit. Therefore, Plaintiff cannot state a cognizable claim

against Defendants on Fourteenth Amendment grounds.  Thus, the Court recommends that the complaint be **DISMISSED**.

**V.  Conclusion and Recommendation**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983.  Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court RECOMMENDS that this action be **DISMISSED** in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 7, 2010**                                  **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE